

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 29, 1953

Hon. Geo. W. Cox, M.D.
State Health Officer
State Department of Health
Austin, Texas                    Opinion No. S-59

                                 Re: Authority of the judge of
                                     the new special probate
                                     court in Galveston County
                                     to act on delayed registra-
Dear Dr. Cox:                        tions of births and deaths.

        You have asked substantially the following
question:

        Whether or not House Bill 477, Acts of
    the 53rd Legislature, transfers the juris-
    diction for delayed registration of births
    and deaths from the county court to the
    newly created probate court of Galveston
    County.

        Section 2 of House Bill 477, Acts 53rd Legis-
lature, Chapter 187, Page 521 (Art. 1970-342, V.C.S.)
states:

        "The Probate Court of Galveston County
    shall have the general jurisdiction of a
    Probate Court within the limits of Galveston
    County, concurrent with the jurisdiction of
    the County Court of Galveston County in such
    matters and proceedings.  It shall probate
    wills, appoint guardians of minors, idiots,
    lunatics, persons non compos mentis and com-
    mon drunkards, grant letters testamentary
    and of administration, settle accounts of
    executors, transact all business appertain-
    ing to deceased  persons, minors, idiots,
    lunatics, persons non compos mentis and
    common drunkards, including the settlement,

partition and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law."

In 39 Texas Jurisprudence 188, Statutes, Section 100 it is stated:

"The maxim Expressio unius est exclusio alterius (The expression of one thing is exclusive of another) is said to be a logical, sensible and sound rule of construction; and it has been frequently applied in the construction of statutes as well as in the interpretation of other documents. The maxim signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others. . ."

Section 2 of House Bill 477, Acts of the 53rd Legislature above quoted enumerates the authority and jurisdiction of the newly created probate court of Galveston County. The general provision relating to jurisdiction is limited to the specific type of jurisdiction enumerated in Section 2. The jurisdiction for delayed registration of births and deaths is nowhere mentioned, or implied, in said bill.

We are therefore of the opinion that the probate court of Galveston County does not have jurisdiction over delayed registration of births and deaths and that jurisdiction of such matters remains with the county court of Galveston County.

## SUMMARY

The judge of the new special probate court of Galveston has no authority to act

on delayed registrations of births and deaths.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

C. K. Richards
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

SCR:am

JOHN BEN SHEPPERD
Attorney General

By *Sam C. Ratliff*
    Sam C. Ratliff
        Assistant